1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

### EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| JPI CALIFORNIA CONSTRUCTION SERVICES, L.P., | ) 1:06cv1380 LJO DLB<br>)<br>)<br>) FINDINGS AND RECOMMENDATION<br>) REGARDING PLAINTIFF'S MOTION FOR<br>) DEFAULT JUDGMENT<br>)<br>Plaintiff,   ) (Document 18)<br>)<br>v.   )<br>)<br>HEC GROUP, INC., individually and dba   )<br>HUFFINE ELECTRIC COMPANY, et al.,   )<br>)<br>)<br>)<br>Defendants.   )<br>_____) |

9
10
11
12
13
14
15
16
17

18    Plaintiff JPI California Construction Services, L.P., ("Plaintiff") filed the instant motion

19  for default judgment on April 17, 2007.  The motion was referred to this court pursuant to 28

20  U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

21                              **PROCEDURAL AND FACTUAL BACKGROUND**

22    Plaintiff filed this action on October 4, 2006, based on this Court's diversity jurisdiction.

23  Plaintiff alleges that Defendants Huffine Electric Company and HEC Group, Inc., individually

24  and dba Huffine Electric Company ("HEC"), breached the subcontract on a construction project.

25  Plaintiff seeks an award of damages, with interest, attorneys' fees and costs, and declaratory

26  relief.

27
28

According to the complaint, Plaintiff is duly licensed and authorized to act as a general contractor in the State of California.  During the relevant time, HEC held a California license authorizing it to act as an electrical contractor within California.  On or about July 18, 2005, HEC entered into a written subcontract with Plaintiff by which HEC agreed to provide work, labor and materials for the construction of the electrical systems, lighting systems and fire alarm systems for a project known as Jefferson Commons-Fresno (the "Project") for a fixed contract price of $1,140,000.  By approved change orders, the contract price was increased to $1,199,099.12.  Declaration of Curtis Bentley ("Bentley Dec."), ¶ 3.  Plaintiff alleges that it performed all of its covenants and obligations under the subcontract.  In or about April or May 2006, HEC breached the contract by :

1.    Failing to make payments for labor, materials and equipment incurred by them and failing to carry out the work required of them under the subcontract;

2.    Abandoning the work required of them because they could not complete the subcontract for the unpaid balance of the contract price and did not provide evidence that they were able to pay the costs in excess of the contract price necessary to complete their scope of work;

3.    Failing to furnish labor, materials, sales and use taxes, equipment, tools, machinery, supplies, skilled labor and supervision for the completion of the work;

4.    Failing to install the fire alarm system; and

5.    Failing to complete items on the punch list.

The complaint alleges that as a result of this breach, Plaintiff has been damaged in the amount of $326,825.86, and additional sums as may be required to complete the project and satisfy the claims of the parties that furnished the goods, materials and labor to HEC in connection with the Project.

According to Plaintiff's motion for default judgment, Plaintiff sent HEC a letter dated August 22, 2006, notifying HEC that Plaintiff estimated that the additional cost resulting from their breach would be $326,825.86.  Ultimately, Plaintiff spent a total of $408,343.01 above the $1,199,099.12 contract price.  Bentley Dec., ¶ 7.

2

HEC did not respond to the August 2006, letter, nor have they appeared in this action. On November 16, 2006, Plaintiff filed a proof of service indicating that HEC was served on October 19, 2006.  The Clerk of the Court entered default on December 29, 2006.

Plaintiff filed the instant motion for default judgment on April 17, 2007.  HEC was served with the motion but has not responded or otherwise communicated with the Court.

Plaintiff requests judgment as follows: (1) $408,334.01 in monetary damages, as well as $21,592.84 for interest thereon from October 3, 2006, through May 15, 2007, with additional interest at the rate of $111.88 per day until the entry of judgment; (2) $5,925.00 attorneys' fees; and (3) $370.69 in costs

## DISCUSSION

Plaintiff moves for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), which provides that judgment may be entered:

> By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted."  10 J. Moore, Moore's Federal Practice §55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in

the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

HEC was served on October 16, 2006.  The Clerk entered default on December 29, 2006.  HEC is not and infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

Having read and considered the declarations, pleadings and exhibits to the present motion, the Court finds that Plaintiff's request for $408,334.01 in monetary damages, as well as $21,480.96 in interest thereon from October 4, 2006,[1] through May 15, 2007, with additional interest at the rate of $111.88 per day until the entry of judgment, is a reasonable request.  Henry v. Sneiders, 490 F.2d 315, 317 n. 2 (9th Cir. 1974) (holding that default judgment was not limited to the amount stated in the complaint where the plaintiff prayed for additional damages, the amount of which was to be determined at trial); see also Merrifield v. Miner's Inn Restaurant & Lounge, 2006 WL 4285241, *3 (E.D.Cal.,2006); Cal. Civ. Code § 3287.

Additionally, pursuant to the provisions of the Subcontract, Plaintiff is entitled to reasonable attorneys fees in the amount of $5,925.00, as well as $370.69 in costs.  Declaration of Anne Bevington, ¶¶ 4-5.

## RECOMMENDATION

For the reasons discussed above, the Court RECOMMENDS that:

1.      Plaintiff's motion for default judgment in favor of Plaintiff and against HEC be GRANTED;

2.      Plaintiff be AWARDED monetary damages in the amount of $408,334.01, as well as $21,480.96 in interest thereon from October 4, 2006, through May 15, 2007, with additional interest at the rate of $111.88 per day until the entry of judgment,

---

[1] Although Plaintiff's civil cover sheet was filed on October 3, 2006, its complaint was not filed until October 4, 2006, due to Plaintiff's failure to prepay the filing fee.  The Court therefore uses the date of October 4, 2006, to begin calculating interest.

1        3.       Plaintiffs be AWARDED reasonable attorneys fees in the amount of $5,925.00;

2        and

3        4.       Plaintiff be AWARDED costs in the amount of $370.69.

4        This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

5 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)

6 and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern

7 District of California. Within thirty (30) days after being served with a copy, any party may file

8 written objections with the court and serve a copy on all parties. Such a document should be

9 captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will

10 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are

11 advised that failure to file objections within the specified time may waive the right to appeal the

12 District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13        IT IS SO ORDERED.

14        **Dated:**    **June 2, 2007**        **/s/ Dennis L. Beck**

                                           UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28